CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No. 7:93-cr-00091 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JULIEN K. DILKS, ) | By: Hon. James C. Turk |
| Petitioner. ) | Senior United States District Judge |

Julien K. Dilks, proceeding pro se, filed a petition for a writ of error coram nobis, pursuant to 28 U.S.C. § 1651(a) ("All Writs Act"). Dilks argues that the court wrongfully convicted him and the court should issue a writ of error coram nobis to vacate his conviction, and the United States filed a response. After reviewing the record, the court finds that Dilks fails to state a claim upon which relief can be granted, and the court dismisses his petition for a writ of error coram nobis.

I.

On July 18, 1994, the court found Dilks guilty of bank fraud upon Jefferson National Bank and First Union Bank, in violation of 18 U.S.C. § 1344.[1] Dilks appealed to the Fourth Circuit Court of Appeals which affirmed his conviction on October 10, 1995. On February 6, 2001, Dilks moved to dismiss his bank fraud conviction. The court denied his motion to dismiss, and the Fourth Circuit Court of Appeals affirmed the court's dismissal and also denied Dilks' petition for rehearing.

---

[1] Section 1344 states that:
Whoever knowingly executes, or attempts to execute, a scheme or artifice –
(1) to defraud a financial institution; or
(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

On December 13, 2007, Dilks filed his first petition for a writ of error <u>coram</u> <u>nobis</u> while a candidate to the United States Senate. (Pet. A (docket #61) 49). Dilks argued that the court committed error during his bench trial because the court did not accurately nor effectively consider Dilks' 1976 brain injury when determining his guilt. During oral arguments, Dilks alleged that his brain injury prevented him from both understanding the charges and presenting an adequate defense. Dilks also argued that his brain injury mitigated or eliminated his intent to defraud the banks. The court dismissed Dilks' petition after finding that he did not present credible evidence that the brain injury mitigated his intent to defraud the banks or rendered him incapable of presenting a defense or understanding the charges. The court also found that none of the alleged factual errors were of such a fundamental nature that the verdict would have been different had they been known.

On February 12, 2009, Dilks filed a "Petition pursuant to Title 28 USCA Section 2255[,]" requesting the court to issue a writ of error <u>coram</u> <u>nobis</u>.[2] Dilks incorporates the allegations made in his previous <u>coram</u> <u>nobis</u> petition. (Pet. B (docket #75) 2.) Dilks states that the President of the United States is considering appointing him as the Director of the National Institute on Disability and Rehabilitation Research.

Dilks argues again that "the fundamental error in this case is the understanding of the [e]ffect [the] brain injury and the demands of brain injury rehabilitation . . . had on [Dilks]." <u>Id.</u> at 4. Dilks also alleges that First Union Bank did not present a prosecution witness because its

---

[2] The court construes the filing as a petition for a writ of error <u>coram</u> <u>nobis</u>, pursuant to the All Writs Act. <u>See</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978) (holding <u>pro</u> <u>se</u> filings are held to a less stringent standard that those filings drafted by attorneys). Dilks may not proceed under 28 U.S.C. § 2255 because he is not in custody. <u>See</u> 28 U.S.C. § 2255(a) (requiring a § 2255 petitioner to be in custody); <u>Hensley v. Municipal Court</u>, 411 U.S. 345, 351-52 (1973) (discussing "custody" in the context of 28 U.S.C. § 2254).

2

employee said the bank's losses were not intentional. Id. Dilks further alleges that an exculpatory "presumption of regularity" existed because he used Montemezzi's account for four years without incident; Jefferson National Bank should be considered a utility instead of a governmental agency; and Jefferson National Bank should be partly responsible for his criminal acts. Dilks does not argue that the law changed to subsequently validate his unlawful conduct.

II.

The court has the authority under the All-Writs Act to issue a writ of error coram nobis which vacates a conviction after its sentence has been served. United States v. Morgan, 346 U.S. 502, 511 (1954). The court can only issue the writ, however, when there is a fundamental error resulting in conviction and no other means of relief is available. United States v. Mandel, 862 F.2d 1067, 1074-75 (4th Cir. 1988). The defendant has the burden of proof when a collateral attack on a final conviction rests on constitutional grounds. Parke v. Raley, 506 U.S. 20, 30 (1992); see Jimenez v. Trominski, 91 F.3d 767, 768 n.6 (5th Cir. 1996) (stating that the burden placed on a petitioner seeking writ of error coram nobis exceeds the burden on a habeas petitioner); United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989) (same); Mandel, 862 F.2d at 1077 (Hall, J., dissenting) (same); see also Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977) (stating disposition of habeas motion presented to the sentencing judge can be based on his own recollections of the trial and the defendant). The court may consider sua sponte whether the extraordinary relief of a writ of error coram nobis is proper. See Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992).

Dilks does not establish how his bank fraud conviction was fundamentally flawed. Dilks' claim that his brain injury should excuse his criminal acts was insufficient for his first

3

petition and, in light of his current allegations, remains insufficient to vacate his conviction under the present petition. Dilks knew what impact his 1976 brain injury could have had on his 1993 criminal trial and subsequent appeals. Dilks could have made these arguments at any time during his trial, appeals, and post-conviction proceedings. The court previously rejected these arguments to the extent he previously presented it. Dilks' claim that a bank employee did not think Dilks intentionally committed bank fraud is self-serving, uncorroborated, and inadmissible hearsay. A bank is considered a "financial institution" to sustain a conviction for bank fraud, and Dilks' claim that the Jefferson National Bank should be considered a utility is without merit. Equally meritless and irrelevant is Dilk's argument that a "presumption of regularity" exists because he allegedly used Montemezzi's money for years without incident. The presumption of regularity may not be invoked to establish conclusory, exculpatory evidence but provides that a criminal conviction will stand absent a petitioner's evidence that the conviction was obtained through a fundamental error. Parke, 506 U.S. at 29. Dilks fails to establish any evidence of a fundamental error. Accordingly, the court dismisses Dilks' petition.[3]

III.

For the foregoing reasons, the court dismisses Dilks' petition for a writ of error coram nobis.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER:** This 27th day of February, 2009.

*James L. Turk*
Senior United States District Judge

---

[3] The court also cancels the evidentiary hearing scheduled for March 10, 2009, because a hearing is not required when the record conclusively shows that the petitioner is not entitled to relief. See Fontaine v. United States, 411 U.S. 213, 215 (1973) (stating same in context of § 2255 proceeding).

4