CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 01 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 7:93CR00093 |
| | ) (CASE NO. 7:16CV81163) |
| v. | ) MEMORANDUM OPINION |
| JULIEN K. DILKS, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Julien K. Dilks,[1] proceeding pro se, filed this motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, but he is actually seeking relief from his 1994 conviction through a writ of coram nobis under 28 U.S.C. § 1651(a) ("All Writs Act"). After review of Dilks' submission, the court concludes that it must be construed as such a petition under § 1651(a) and summarily dismissed under the court's 2010 prefiling injunction barring Dilks from filing any further petitions attempting to vacate this conviction.

Dilks was convicted in this court on July 18, 1994, of bank fraud, and that conviction was affirmed on appeal. Dilks has served all supervised release and terms of detention related to this conviction. Since 2001, Dilks has filed repeated, frivolous pleadings attempting to have his conviction vacated. In October 2010, Dilks filed another one of these petitions. The government filed a response, and United States District Judge James C. Turk conducted oral arguments on the issues. Ultimately, Judge Turk dismissed Dilks' petition for abuse of the writ and notified Dilks of the court's intention to enter a prefiling injunction against him. United States v. Dilks, No. 7:93CR00091, 2010 WL 4284829, at *10 (W.D. Va. Oct. 27, 2010). Judge Turk received and considered Dilks' objections to the proposed prefiling injunction, but on December 8, 2010,

---

[1] Dilks, who lists his return address as the United Kingdon, also signs his name as Julien Modica, the name he has allegedly adopted under British law.

ruled that such an injunction was warranted to prevent future abusive filings, based in part on Dilks' indication that he would continue to attack this conviction for the rest of his life. Order 3, ECF No. 108. The judge entered a prefiling injunction against Dilks "for all future filings related to this criminal action, regardless to whether he files a motion in this action or institutes a related civil action." Id. The order stated that if Dilks filed a motion related to his conviction, the court would screen it for "any indication of merit" and "unmeritorious filings would not be docketed." Id. Dilks' current submission was docked for administrative purposes only. After review of its contents, the court concludes that it is utterly without merit and must be summarily dismissed, pursuant to the prefiling injunction as an abusive writ. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Dilks.

ENTER: This 1st day of August, 2016.

Chief United States District Judge